

| | |
|---|---|
| 1 | THE SUNTAG LAW FIRM |
| | A Professional Corporation |
| 2 | DANA A. SUNTAG (California State Bar No. 125127) |
| | LORIS L. BAKKEN (California State Bar No. 215033) |
| 3 | The Kress Building |
| | 20 North Sutter Street, Fourth Floor |
| 4 | Stockton, California 95202 |
| | Telephone: (209) 943-2004 |
| 5 | Facsimile: (209) 943-0905 |
| 6 | Attorneys for Chapter 7 Trustee |
| | ERIC J. NIMS |

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re: ) NO: 12-22432-A-7
)
) DC No.: SLF 9
)
SHARON KAY FISH, )
) **CHAPTER 7 TRUSTEE'S MOTION FOR**
Debtor. ) **AUTHORIZATION TO SELL REAL**
) **PROPERTY**
)
) Date: May 6, 2013
) Time: 10:00 a.m.
) Place: Department A
) The Honorable Michael S. McManus
)
)
)
_____)

MOTION FOR AUTHORIZATION
TO SELL REAL PROPERTY                    1

Chapter 7 Trustee Eric J. Nims respectfully moves for authorization to sell the real property and improvements located at 177 Outer Drive, Florence, Oregon, 97439 (the "Property"). The Trustee believes this relief is appropriate and the sale of the Property is in the best interests of the creditors and that this Court should approve it pursuant to Bankruptcy Code Section 363(b).

The Trustee represents the following:

A.   **Background Facts**.

1.   On February 8, 2012, the Debtor filed this case. Eric J. Nims is the Chapter 7 Trustee.

2.   On her Amended Schedule A, filed on March 30, 2012, the Debtor disclosed an interest in the Property and valued it at $40,000. The Debtor did not claim an exemption in the Property.

3.   The Trustee obtained a preliminary title report on the Property that showed the following liens against it:

(i)   A Homeowner's Association Lien in the amount of "$1,555.55, plus interest, penalties, and costs," in favor of Coast Village Property Owners Corporation (the "HOA Lien").[1]

(ii)   Unpaid taxes for the year 2011-2012 in the amount of $348.53 and for the year 2012-2013 in the amount of $364.76.

(collectively, the "Liens") (Nims Decl., ¶ 2, Ex. A).

4.   The Trustee contacted Kathie Robidou of Coldwell Banker Advantage One Properties and asked her to perform a preliminary analysis of the fair market value of the Property. Ms. Robidou valued the Property at approximately $30,000 to $40,000. (Robidou Decl., ¶ 2, Ex. C).

---

1.   Despite the fact that the preliminary title report shows the HOA lien in the amount of $1555.55, the title company handling this transaction, Western Title and Escrow, sent a payoff demand request to Coast Village Property Owners Corporation (the "HOA"). Counsel for the HOA provided the title company with a payoff demand of $4773.97. (Ex. D).

MOTION FOR AUTHORIZATION
TO SELL REAL PROPERTY                              2

5. On July 19, 2012, this Court entered an order authorizing the Trustee to employ Ms. Robidou to market and sell the Property.

6. The Trustee believes there is equity in the Property and a sale of the Property is the best method of liquidating it for the benefit of the estate. (Nims Decl., ¶ 3).

B. The Proposed Sale.

7. On March 1, 2013 the Trustee, through Ms. Robidou received an offer from Henry Mahler and Peggy Mahler (collectively the "Mahlers") to purchase the Property for $20,000. On March 12, 2013, the Trustee made a counteroffer to the Mahlers to sell the Property for $25,000. On March 13, 2013, the Mahlers made a counteroffer to purchase the Property for $22,500. On March 13, 2013, the Trustee accepted the Mahlers' counteroffer by written agreement subject to Bankruptcy Court approval. (Robidou Decl., ¶ 3; Nims Decl., ¶ 4, Ex. B).

8. Under the terms of the agreement, the Mahlers and the Trustee agreed that:

(i) The Mahlers will purchase the Property for $22,500, all cash.

(ii) Title to the Property will be conveyed free and clear of all liens of record, except property taxes which are a lien but not yet payable, zoning ordinances, building and use restrictions, reservations in Federal patents, easements of record which affect the Property, covenants, conditions and restrictions on record, and those matters accepted by the Buyer pursuant to Section 5 of the written agreement.

(iii) The Property is to be purchased on an "AS IS" basis without warranties.

(the "Agreement"). (Nims Decl., ¶ 4, Ex. B).

9. The Trustee will pay the Liens from the proceeds of the sale, through escrow. (Nims Decl., ¶ 5)

10. Neither the Trustee nor his professionals have any relationship with the Mahlers. (Robidou Decl., ¶ 4; Nims Decl., ¶ 7).

1  11. The Agreement is conditional on Bankruptcy Court approval of this Motion
and the Trustee is amenable to overbidding at the hearing on terms that are agreeable to this
Court. (Nims Decl., ¶ 8).

12. The Trustee believes the sale of the Property is in the best interests of the estate and its creditors and that this Court should approve it pursuant to Bankruptcy Code Section 363(b). (Nims Decl., ¶ 9).

WHEREFORE, the Trustee respectfully requests that the Court authorize the sale of the Property on the terms set forth in this Motion and in the Agreement, and that it grant such other relief as is just and proper.

Dated: March 29, 2013

THE SUNTAG LAW FIRM
A Professional Corporation

By: */s/ Loris L. Bakken*
　　LORIS L. BAKKEN
　　Attorneys for Trustee,
　　ERIC J. NIMS

MOTION FOR AUTHORIZATION
TO SELL REAL PROPERTY                 4